1
2
3
4
5
6
7
8

**Todd M. Friedman (216752)**
**Adrian R. Bacon (280332)**
**Law Offices of Todd M. Friedman, P.C.**
**21550 Oxnard St., Ste 780**
**Woodland Hills, CA 91367**
**Phone: 877-206-4741**
**Fax: 866-633-0228**
**tfriedman@toddflaw.com**
**abacon@toddflaw.com**
**Attorneys for Plaintiff**

9
10

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

| | |
|---|---|
| BRIANA GRAYS, | ) Case No. 2:17-cv-03240-MWF-AS |
| | ) |
| Plaintiff, | ) **FIRST AMENDED COMPLAINT** |
| | ) **FOR** |
| -vs- | ) |
| | )   1. Violation of Rosenthal Fair Debt |
| NAVIENT SOLUTIONS, LLC; DOES | )      Collection Practices Act |
| 1-10 inclusive, | )   2. Violation of Fair Debt Collection |
| | )      Practices Act |
| Defendant. | )   3. Violation of Telephone |
| | )      Consumer Protection Act |
| | )   4. Violation of the Consumer Credit |
| | )      Reporting Agencies Act |
| | )   5. Violation of the federal Fair |
| | )      Credit Reporting Act |
| | ) |
| | ) |
| | ) |
| | ) **Jury Trial Demanded** |
| | ) |

26

## I. INTRODUCTION

27
28

1.     This is an action for damages brought by Plaintiff BRIANA GRAYS
for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal.
Civ. Code § 1788, *et seq.* (hereinafter "RFDCPA"), the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Additionally, Plaintiff brings claims for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 (hereinafter "FCRA") and the California Consumer Credit Reporting Agencies Act, California Civil Code § 1785.25 (a) (hereinafter "CCRA"), both of which regulate the collection, dissemination, and use of consumer information, including consumer credit information.  Ancillary to the claims above, Plaintiff further alleges claims for Defendant's violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq*. (hereinafter "TCPA").

## II. JURISDICTION AND VENUE

4.      Jurisdiction is proper under 28 U.S.C. § 1331 because Plaintiff's claim arises out of a federal law, in particular the Fair Debt Collection Practices, the Fair Credit Reporting Act, and the Telephone Consumer Protection Act.  The Court additionally has supplemental jurisdiction over the RFDCPA and CCRA claims pursuant to 28 U.S.C. § 1367.

5.       Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C.  1391(b) and 18 U.S.C. § 1441(a) because Defendant does business within the State of California and Plaintiff resides within this District.

## III. PARTIES

6.      Plaintiff, BRIANA GRAYS ("Plaintiff"), is a natural person residing in LOS ANGELES County in the state of California, a "debtor" as defined by the RFDCPA, Cal. Civ. Code § 1788.2(h), a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3), and is a "consumer" as defined by 15 U.S.C. §1681a.

7.      At all times relevant herein, Defendant, NAVIENT SOLUTIONS, LLC ("Defendant"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer

debt," as defined by the RFDCPA, Cal. Civ. Code § 1788.2(f), and as a "debt," as defined by the FDCPA, 15 U.S.C. § 1692a(5).  Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the RFDCPA, Cal. Civ. Code § 1788.2(c) and the FDCPA, 15 U.S.C. § 1692a(6).  Defendant regularly provided information to consumer reporting agencies and is therefore an "information furnisher" as defined by the FCRA and CCRA.  At all relevant times, DEFENDANT was a "person" as that term is defined by 15 U.S.C. §1681a(b).

8.     The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

9.     Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## IV. FACTUAL ALLEGATIONS

10.     At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff regarding an alleged debt.

11.     Around and before August of 2016, Plaintiff started receiving a barrage of calls from Defendant.  Defendant called Plaintiff's phone number ending in -0796.

12.     Defendant called Plaintiff's cellular telephone multiple times, and Defendant continued to call even after Plaintiff told Defendant not to.

13.     Defendant also used an "automatic telephone dialing system," as defined by *47 U.S.C. § 227(a)(1),* to place its repeated collection calls to Plaintiffs seeking to collect the debt allegedly owed.

14.     Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A).*

15.     Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiffs incur a charge for incoming calls pursuant to *47 U.S.C. §227(b)(1).*

16.     Defendant's calls and its contents were enough to be considered harassment, and thus caused high levels of stress to Plaintiff.

17.     As a result of Defendant's actions, Plaintiff retained counsel.  A notice of representation was sent to Defendant on September 13, 2016.

18.     Furthermore, in the letter dated September 13, 2016, Plaintiff revoked any and all consent to be contacted via an "automated telephone dialing system."

19.     Defendant seeks to collect from a Plaintiff a debt that Plaintiff contests is inaccurate and not owed.

20.     Defendant's conduct violated the FDCPA and RFDCPA in multiple ways, including but not limited to:

a) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal. Civ. Code § 1788.11(d));
b) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal. Civ. Code § 1788.11(e));
c) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (15 U.S.C. § 1692d(5));
d) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (15 U.S.C. § 1692c(a)(1));

e) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (15 U.S.C. § 1692d));

f) Using unfair or unconscionable means in an attempt to collect a debt (15 U.S.C. § 1692(f));

g) Attempting to collect on a debt in an amount that is not authorized or permitted by law (15 U.S.C. § 1692(f)); and

h) Using misleading and deceptive practices in an attempt to collect a debt (15 U.S.C. § 1692(e)).

15.    Defendant's conduct violated the TCPA by:

a) using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).

16.    Additionally, Defendant furnished inaccurate and false information on Plaintiff's credit report relating to the amount and status of the alleged debt. This has resulted in a negative effect on Plaintiff's credit score.

17.    On or about August 2016, Plaintiff submitted a written dispute to the Credit Reporting Agencies disputing the validity of the reporting furnished by Defendant. Defendant has not corrected the wrong reporting on her Account at this time.

18.    Defendant is aware that the credit reporting agencies to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment and that they have already done so.

19.    As a result of Defendant's inaccurate reporting of Plaintiff's accounts, Plaintiff's credit score decreased. Plaintiff was and/or will be denied future loans due to the derogatory items placed by Defendant on Plaintiff's credit report.

20.     The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

21.     The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

22.     Plaintiff has been damaged, and continues to be damaged, in the following ways:

    a.  Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown; and

    b.  Decreased credit score which may result in inability to obtain credit on future attempts.

    c.  Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

23.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

24.     At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

25.     Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

    a.  Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,

b.  Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

26.    Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

27.     Further, Defendant failed to notify Plaintiff of their intention to report negative information on his credit reports.  Defendant then failed to correct the disputed information within thirty days of Plaintiff's dispute of that information.

28.    As a result of the above violations of the RFDCPA, FDCPA, CCRA, FCRA, and TCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

29.    Plaintiff reincorporates by reference all of the preceding paragraphs.

30.    To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

## COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

31.    Plaintiff reincorporates by reference all of the preceding paragraphs.

32.    To the extent that Defendant's actions, counted above, violated the FDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

## COUNT III: VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT

33.     Plaintiff reincorporates by reference all of the preceding paragraphs.

34.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

35.     As a result of Defendant's negligent violations of *47 U.S.C. §227 et seq.*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

36.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

37.     As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

38.     Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT IV: VIOLATION OF THE FAIR CREDIT REPORTING ACT

39.     Plaintiff reincorporates by reference all of the preceding paragraphs.

40.     To the extent that Defendant's actions, counted above, violated the FCRA, those actions were done knowingly and willfully.

## COUNT V: VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

41.     Plaintiff incorporates by reference all of the proceeding paragraphs.

42.     California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer

credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

43.   Defendant negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate, namely that amount and status of Plaintiff's alleged debt.

44.   Based on these violations of Civil Code § 1785.25 (a), Plaintiff is entitled to the remedies afforded by California Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

        A.    Actual damages;
        B.    Statutory damages for willful and negligent violations;
        C.    Costs and reasonable attorney's fees; and,
        D.    For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

45.   Plaintiff, pursuant to her rights under Article 1, Section 16 of the Constitution of the State of California, reserves her right to and hereby demands a trial by jury on all issues so triable.


Respectfully submitted this 16th day of June, 2017.

              By:   /s/ Todd M. Friedman, Esq.
                    Todd M. Friedman, Esq.
                    Law Offices of Todd M. Friedman, P.C.
                    Attorney for Plaintiff

First Amended Complaint - 9

1   Filed electronically on this 16th Day of June, 2017, with:

2   United States District Court CM/ECF system.

3   Notification sent electronically on this 16th Day of June, 2017, to:

4

5   Honorable Michael W. Fitzgerald
    United States District Court
6   Central District of California
7   And All Counsel of Record as Recorded On The Electronic Service List

8

9

10  /s/ Todd M. Friedman, Esq.
    TODD M. FRIEDMAN
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28